UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES C. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17CV2929 ACL |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Presently pending before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative appeal remedies. (Doc. 18.) Plaintiff has filed a Response in opposition to Defendant's Motion to Dismiss. (Doc. 22.) Because this Court does not have subject matter jurisdiction over this appeal, Defendant's Motion to Dismiss will be granted.

### I. Procedural Background

On July 17, 2017, Plaintiff was notified he was overpaid $10,757 due to wages he earned while collecting retirement benefits. (Doc. 19-1.) On the same date, Plaintiff filed a request for waiver of his overpayment. (Doc. 19-2.) Plaintiff's waiver request was denied on July 24, 2017. (Doc. 19-3.) After a personal conference held on August 31, 2017, Plaintiff's waiver request was again denied on September 1, 2017. (Docs. 19-4, 19-5.)

On September 28, 2017, Plaintiff filed a request for hearing by an administrative law judge ("ALJ"). (Doc. 19-5.) Defendant states that this request is currently pending and a hearing is scheduled for July 19, 2018. (Doc. 19-1 at p. 3.)

1

Plaintiff filed the instant action for judicial review of the Social Security Administration's ("SSA") decision on December 26, 2017. (Doc. 1.)

On May 3, 2018, Defendant moved to dismiss this action for lack of jurisdiction. Defendant contends that Plaintiff has not exhausted his administrative appeals remedies. The Court directed Plaintiff to file a Response to Defendant's Motion to Dismiss. (Doc. 21.)

On June 13, 2018, Plaintiff filed a Response, in which he states, in relevant part: "I feel certain that the outcome or end result of any hearing conducted by Social Security will favor Defendant." (Doc. 22 at p. 1.) Plaintiff further states that his retirement benefits are "the life line to paying monthly living expenses," and that Defendant is "on the verge of destroying [his] life." *Id.*

## II. Discussion

The federal courts are tribunals of limited jurisdiction. They are empowered to hear only those cases that: (1) are within the judicial power of the United States, as defined in the Constitution; and (2) have been entrusted to them by a jurisdictional grant from Congress. *See Aldinger v. Howard*, 427 U.S. 1 (1976); *see also* 13 Wright & Miller, Federal Practice and Procedure § 3522, p. 100. Where it appears that subject matter jurisdiction is lacking, it is incumbent upon this Court to dismiss the case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

The Commissioner argues that this Court does not have subject matter jurisdiction because: (1) § 405(g) is the exclusive basis for this Court's jurisdiction; (2) Plaintiff has not

satisfied the jurisdictional prerequisite of exhaustion under § 405(g); and (3) no permissible exception to the exhaustion requirement of § 405(g) applies in this case. This Court agrees.

**A.** **Federal Jurisdiction over Social Security Appeals**

The Commissioner argues that § 405(g) is the exclusive basis for this Court's jurisdiction over Social Security appeals. In support of that argument, the Commissioner points to 42 U.S.C. § 405(h), which provides that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

In addition to the plain language of § 405(h), the Supreme Court has confirmed that § 405(g) is the exclusive source of federal jurisdiction to review Social Security claims. *See Weinberger v. Salfi*, 422 U.S. 749 (1975) (holding that 42 U.S.C. § 405(h) precludes federal-question jurisdiction under 28 U.S.C. § 1331 in an action challenging the denial of benefits); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (same).

**B.** **Jurisdictional Prerequisites of § 405(g)**

Because § 405(g) is the exclusive basis of federal jurisdiction, Plaintiff must satisfy the requirements of that provision to obtain federal review of his claim. Section 405(g) only permits review of "final decisions" of the Commissioner. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977) (holding that § 405(g) "clearly limits judicial review to a particular type of agency action, a '*final* decision of the Secretary made after a hearing'") (emphasis added).

To obtain a final decision under § 405(g), a plaintiff must satisfy the four step process outlined in 20 C.F.R. § 404.900. Plaintiff must: (1) apply for benefits and seek an initial determination; (2) seek redetermination of any adverse decision;[1] (3) request and receive a hearing and decision from an ALJ; and (4) seek review in the Appeals Council. 20 C.F.R. § 404.900a(1)-(4).

Here, Plaintiff has not yet exhausted his administrative appeals remedies because his request for hearing by an ALJ is still pending. Thus, there is no final decision under § 405(g). *See* 20 C.F.R. § 404.900.

C.  **Exceptions to the Exhaustion Requirement**

The Supreme Court has delineated a narrow exception to the exhaustion requirement under § 405(g) in situations where a plaintiff alleges claims that are "collateral" to the underlying disability benefits application, and where enforcing the exhaustion requirement would result in "irreparable injury." *See Bowen v. City of New York*, 476 U.S. 467 (1986). The Eighth Circuit has articulated this exception as permitting the exhaustion requirement to be waived if a plaintiff establishes: (1) a colorable constitutional claim collateral to the substantive claim; (2) irreparable injury by enforcement of the exhaustion requirements; and (3) that the purpose of exhaustion would not be served by requiring further administrative procedures. *Rodabaugh v. Sullivan*, 943 F.2d 855, 857 (8th Cir. 1991).

Here, Plaintiff has not alleged any violation of his constitutional rights, even if the Court liberally construes his pleadings. Plaintiff disputes the Commissioner's finding that he was overpaid and alleges that the determination has resulted or will result in financial hardship.

---

[1] In Missouri, plaintiffs need not seek redetermination of an initial adverse decision. 20 C.F.R. § 416.1406.

Plaintiff has made no showing that he would suffer irreparable injury by being forced to wait for a final decision from the Commissioner. Thus, no exception to the exhaustion requirement of § 405(g) is appropriate here.

Because Plaintiff has not yet exhausted his administrative remedies, as required by 42 U.S.C. § 405(g), and no circumstances justify an exception to that section's exhaustion requirement, this Court has no subject matter jurisdiction over Plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **granted**. A separate judgment will be issued on this date.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed**.

Dated this 10th day of July, 2018.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE